UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 1:09-cr-29

v

HON. JANET T. NEFF

SALVATORE RAHEEM LOUIS,

    Defendant.
_____/

**ORDER**

Pending before the Court is the Government's Motion for Reduction of Sentence Pursuant to Federal Rule of Criminal Procedure 35(b) (Dkt 174). Defendant filed a Memorandum in Support of Government's Motion for Reduction of Sentence (Dkt 175). Having reviewed the government's motion and defendant's supporting memorandum, the Court finds a formal hearing unnecessary. FED. R. CRIM. P. 43(b)(4).

On November 13, 2009, this Court sentenced defendant to a term of imprisonment of 84 months for the offense of conspiracy to possess with intent to distribute 5 grams or more of cocaine base, an offense subject to a five-year statutory mandatory minimum sentence. *See* 21 U.S.C. §§ 841(b)(1)(B)(iii), 846. In its motion, the government asserts that since the date of sentencing, defendant's cooperation played "an instrumental role" in obtaining guilty pleas from Keith Nickerson, (1:09-cr-311); Ronald Lavar Johnson (1:09-cr-123, 1:09-cr-311); and Solomon Johnson (1:09-cr-29, 1:09-cr-123, 1:09-cr-155, 1:09-cr-311). Mot. ¶ 3. The government requests that this Court consider a reduction in defendant's sentence to reflect his substantial assistance.

FED. R. CRIM. P. 35(b)(2) provides that "[u]pon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved: (A) information not known to the defendant until one year or more after sentencing; (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant." FED. R. CRIM. P. 35(b)(4) also provides that "[w]hen acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute."

Rule 35 motions are governed by the same substantial assistance factors considered under United States Sentencing Guidelines § 5K1.1. See *United States v. Moran,* 325 F.3d 790, 793 (6th Cir. 2003). The only practical difference is one of timing. Rule 35(b) allows the government to move for a reduction in sentence based on substantial assistance to the government after sentencing, and U.S.S.G. § 5K1.1 provides for a similar motion based on substantial assistance before sentencing. *Moran, supra.*

The § 5K1.1 factors are the following: (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into account the government's evaluation of the assistance rendered; (2) the truthfulness, completeness and reliability of the information or testimony provided; (3) the nature and extent of the defendant's assistance; (4) any injury suffered or any danger or other risk of injury to defendant or his family resulting from the assistance; and (5) the timeliness of the defendant's assistance.

Upon review of defendant's assistance, the Court finds that each factor is present in this case in some degree and that a reduction of sentence is warranted. Defendant's cooperation has been consistent

and unwavering since his sentencing. After considering the § 5K1.1 factors and the extent of defendant's assistance, the Court, in its discretion, finds appropriate a sentence of 48 months.

Therefore,

**IT IS HEREBY ORDERED** that the Government's Motion for Reduction of Sentence Pursuant to Federal Rule of Criminal Procedure 35(b) (Dkt 174) is GRANTED. An Amended Judgment shall issue reducing defendant's sentence to a term of 48 months' imprisonment.


Date: June 10, 2010  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge